IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| STEVE STEPHENSON | § | |
| VS. | § | CIVIL ACTION NO. 1:08-CV-135 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION

Petitioner Steve Stephenson, a prisoner confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### Factual Background

Petitioner challenges the constitutionality of a prison disciplinary proceeding. On February 29, 2008, petitioner was found guilty of a disciplinary infraction. He was sanctioned with forty-five days of recreation and commissary restriction; a reduction in line class; and the loss of 365 days of good time credits. Petitioner appealed the disciplinary conviction, but his grievances were denied at both steps of the grievance procedure.

### Analysis

Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action may result in a sanction that will impose upon a liberty interest. Prior to *Sandin v. Conner*, courts examined state laws to determine whether a protected liberty interest was created by mandatory language in the statute. *Sandin v. Conner*, 515 U.S. 472 (1995). However, in *Sandin*, the Supreme Court disapproved of earlier cases which shifted the focus of the liberty interest inquiry from the nature of the deprivation itself to the language of a

particular regulation or statute. The Court concluded that this sort of analysis encouraged prisoners to comb regulations in search of mandatory language on which to base entitlements to various state-conferred privileges. *Id*. at 481. The Court held:

> States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id.* at 483-84 (citations omitted); *see also Thompson v. Cockrell*, 263 F.3d 423, 425 (5th Cir. 2001).

As a general rule, only sanctions which result in loss of good conduct time credits for inmates who are eligible for release on mandatory supervision, or which otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest. *See Teague v. Quarterman*, 482 F.3d 769, 776-77 (5th Cir. 2007) (holding that the mandatory supervision scheme in effect after September 1, 1996 creates a constitutional expectancy of early release); *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (holding that the mandatory supervision statute in effect prior to September 1, 1996, created a constitutional expectancy of early release for earned good time credits); *Orellana v. Kyle*, 65 F.3d 29, 31-33 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996) ("Although *Sandin* cites with approval cases in which it was held that state law could create a constitutional liberty interest in good-time credits, or release on parole, it is difficult to see that any other deprivations in the prison context . . . will henceforth qualify for constitutional 'liberty' status.") (citations omitted).

Because he was convicted of aggravated robbery, petitioner is not eligible for mandatory supervision. As a result, the sanctions imposed in this case do not present an atypical or significant

2

hardship, such that petitioner was entitled to due process before the sanctions could be imposed. Therefore, the petition for writ of habeas corpus should be denied.

## Conclusion

This petition for writ of habeas corpus should be denied. A final judgment will be entered in accordance with this memorandum opinion.

**SIGNED** this the **25** day of **March, 2010.**

_____
Thad Heartfield
United States District Judge